IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-00449-BO

**Beverly L. Rubin**,

        Plaintiff,

v.

**Town of Apex**, et al.

        Defendants.

**Order**

      Much to her chagrin, a sewer line runs across Plaintiff Beverly L. Rubin's property. Rubin had resisted attempts to install the line on her homestead, rejecting offers to buy her property or allow an easement on it. Undeterred, the Town of Apex used its eminent domain power to condemn her property and install the sewer line. In a condemnation action in North Carolina's courts, a judge found that the Town acted unconstitutionally when it condemned her property it took the land predominately for a private, not a public, purpose. Despite this ruling, the Town has not removed the sewer line from her property.

      Rubin has now sued the Town of Apex and several land developers in federal court seeking damages for the allegedly unconstitutional taking of her property. Defendants have asked the court to dismiss this action for several reasons. They have also asked the court to stay discovery until the court rules on their pending dispositive motions. D.E. 31 & 32. After considering all the circumstances present here, the court believes it is appropriate to grant the motion to stay discovery.

## I. Background

In 2012 and 2013, Bradley F. Zadell, a private developer, used his company, Parkside Builders, LLC, to buy vacant land next to Rubin's home. Compl. ¶¶1, 21. He did so inexpensively because the land "did not have a sewer." *Id.* ¶21. He intended to run sewer to the land so it could be sold for a profit. *Id.* Zadell asked Rubin to sell him her land or an easement over it so he could run a sewer line to the vacant property, but Rubin refused. *Id.* ¶¶22–23.

Zadell then signed a contract with the Town of Apex, which agreed to use its eminent domain power to acquire a sewer easement across Rubin's land in exchange for compensation. *Id.* ¶24. In 2014, Parkside Builders deeded the vacant property to Transom Row Properties II, LLC. *Id.* ¶26. The next year, Transom Row sold it to real estate developer Reliabuilt, LLC for $2.5 million more than its purchase price. *Id.* ¶27. The purchase agreement included a promise that the Town of Apex would condemn Rubin's property. *Id.* ¶28.

Soon after, the Town voted to authorize the taking of Rubin's property, filed a condemnation action in North Carolina Superior Court, and installed the sewer line, which bisects Rubin's property. *Id.* ¶¶29, 31. Then, in compliance with the purchase agreement, Transom Row deeded the vacant land to Riley's Pond Developers, LLC. *Id.* ¶32.

Rubin won the condemnation action in Superior Court. Because the Town of Apex could not produce sufficient evidence that a public purpose motivated the "land-flipping operation," the judge held the taking was for an "impermissible private purpose," declared the Town's claim of eminent domain "null and void," and entered judgment for Rubin. *Id.* ¶33. The Town moved for reconsideration of the judgment, which was denied. *Id.* ¶37. The Town also appealed to the Court of Appeals, which dismissed the appeal, and sought review from the Supreme Court of North Carolina, which declined review. *Id.* ¶¶38–41.

Rubin filed this suit in October 2019, alleging that the Town of Apex violated the United States and North Carolina Constitutions when it took her property; that Zadell personally benefitted from the unconstitutional taking; and the other Defendants benefitted financially from the taking. *Id.* ¶¶46–49. She asserts takings, due process, and equal protection violations and a conspiracy claim under 42 U.S.C. § 1983; a conspiracy to violate civil rights claim under 42 U.S.C. § 1985(3); a *Corum* claim in violation of the North Carolina Constitution; and an unjust enrichment claim. *Id.* at 9–16.

Zadell, Parkside Builders, Transom Row, Reliabuilt, and Riley's Pond moved for judgment on the pleadings in December 2019. D.E. 27. At the same time, Town of Apex moved to dismiss or, alternatively, to stay the action. D.E. 29. Both groups of parties now move to defer the Federal Rule of Civil Procedure 26(f) discovery conference and initial disclosures under Federal Rule of Civil Procedure 26(a)(1) until after the court rules on these motions. D.E. 31 & 32.

**II.     Discussion**

Federal Rule of Civil Procedure 26(c) gives the court great discretion in managing discovery. Fed. R. Civ. P. 26(c). Under Rule 26(c), a court may issue a stay of discovery pending resolution of dispositive motions. *Tilley* v. *United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), *aff'd*, 85 F. App'x 333 (4th Cir.). The moving party bears the burden of showing "good cause and reasonableness" for the stay. *Simpson* v. *Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988). The decision to stay an action is at the sole discretion of the court. *See Landis* v. *N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Courts have identified several factors favoring issuance of a stay. These include "the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Yongo* v. *Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008).

A discovery stay "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Loney* v. *State Collection Serv.*, No. 7:13-CV-247-BR, 2014 WL 349480, at *2 (E.D.N.C. Jan. 31, 2014) (citation omitted). But "a request to stay all discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case." *Simpson*, 121 F.R.D. at 263. The court should not stay discovery if non-moving party must "gather facts in defense of the motion." *Tilley*, 270 F. Supp. 2d at 734. "In determining whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Penguin Restoration, Inc.* v. *Nationwide Mut. Ins. Co.*, No. 5:13-CV-00063-BO, 2013 WL 12164640, at *1 (E.D.N.C. July 24, 2013).

In their Motion for Judgment on the Pleadings, Zadell, Parkside Builders, Transom Row, Reliabuilt, and Riley's Pond argue that all of Rubin's claims are time-barred by the statute of limitations and that Rubin has failed to adequately state a claim under 42 U.S.C. § 1985(3) or a *Corum* claim under the North Carolina Constitution. D.E. 31 ¶3; Mem. in Supp. of Mot. for J. on the Pleadings at 9–21, D.E. 28. Defendants also argue Rubin has failed to state a claim against Reliabuilt and Riley's Pond. Mem. in Supp. of Mot. for J. on the Pleadings at 22–26. Defendants assert it is a waste of the parties' and the court's resources to engage in discovery-related efforts

before the court rules on the motion because if the motion is granted, the action will be dismissed. D.E. 31 ¶¶4–5. Defendants also maintain Rubin will not be unduly prejudiced by a "slight delay" in the discovery process, particularly because she waited four years after the sewer line's installation to bring her action. *Id.* ¶6.

Town of Apex argues in its Motion to Dismiss that the court lacks jurisdiction to hear this case[1] and that applicable abstention doctrines should lead the court to dismiss or stay this action. D.E. 32 ¶4; Mot. to Dismiss, D.E. 29. It similarly argues that it would be a waste of the parties' and the court's limited judicial resources to participate in discovery before a ruling from the court because if its motion is granted, the court will stay or dismiss the case. D.E. 32 ¶¶5–6. Town of Apex also asserts Rubin will not be unduly prejudiced by the "slight delay" of temporarily deferring discovery because Rubin waited four years to bring her federal case and has two pending, related state court actions. *Id.* ¶7.

Rubin argues that Defendants have not proven by a specific factual showing that a complete stay of discovery is warranted and that the mere fact of filing Rule 12 motions does not entitle Defendants to a stay. D.E. 37 at 2–4. Rubin also argues that a stay is inappropriate because it is not clear on the face of Defendants' motions that they will be granted. *Id.* at 4. And Rubin asserts that discovery will not be complex and therefore will not be burdensome on Defendants, "leaving a stay to promote only delay and inefficiency." *Id.*

The court finds that it is appropriate to stay this action and will grant both Town of Apex's and the remaining Defendants' motions. If the court grants Town of Apex's Motion to Dismiss for

---

[1] Town of Apex argues that a federal court may not assert jurisdiction when there are two actions, one in state and one in federal court, that are *in rem* or *quasi in rem*. D.E. 32 ¶4. North Carolina condemnation proceedings are *in rem* proceedings. *Id.* Thus, Town of Apex argues, because Rubin has claims involving real property in both state and federal court, North Carolina Superior Court has exclusive jurisdiction over the property which is the subject of the *in rem* proceedings. *Id.*

5

lack of jurisdiction, all of Rubin's claims will be dismissed. Or if the court accepts Town of Apex's abstention arguments, it will either dismiss or stay the case. Similarly, if the court grants the other Defendants' Motion for Judgment on the Pleadings because all of Rubin's claims are barred by the relevant statutes of limitations, all her claims will be dismissed. Defendants have presented plausible arguments in support of their motions.[2] Because they address the sufficiency of Rubin's claims and the court's jurisdiction over them, discovery is unnecessary to resolve either dispositive motion. And Rubin admits there is not much discovery left to do, so there is little harm in delaying discovery until the court rules on Defendants' motions. Thus, a stay is in the best interest of conserving both the parties' and judicial resources.

**III.    Conclusion**

For these reasons, the court grants both Town of Apex's and Zadell, Parkside Builders, Transom Row, Reliabuilt, and Riley's Pond's Motions to Defer Rule 26 Conference and Initial Disclosures (D.E. 31 & 32). The court stays discovery, including the Rule 26(f) conference, until the it rules on the pending motions.

The court orders that if the motions are denied in whole or in part, the parties must meet and confer to develop a revised Rule 26(f) report. The parties must submit their report within 14 days of the entry of the order resolving the motions. The parties may begin seeking discovery once they have completed the Rule 26(f) conference.

Dated: February 10, 2020

_____
Robert T. Numbers, II
United States Magistrate Judge

---

[2] But the undersigned expresses no opinion on what the outcome of those motions should be.