IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-449-BO

| | | |
|---|---|---|
| BEVERLY L. RUBIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TOWN OF APEX, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Town of Apex's motion to dismiss for lack of jurisdiction [DE 29]. For the reasons discussed below, the motion [DE 29] is GRANTED.

## BACKGROUND

Plaintiff, Beverly Rubin, lives in the Town of Apex, North Carolina on an eleven-acre tract of land she owns. Bradley Zadell is a developer and a member of Parkside Builders, LLC, a development company in the business of purchasing vacant land and obtaining entitlements and permits from municipalities for the purpose of future development. In 2012 and 2013, Parkside Builders purchased two vacant parcels of land adjacent to plaintiff's property. The parcels did not have sewer service, and so Mr. Zadell attempted to negotiate with Rubin to sell her land or grant an easement to run a sewer line through it. Rubin refused.

Zadell then went to the Town of Apex (hereinafter "Apex") and asked it to use its eminent domain power to help him run a sewer line to his vacant parcels. Apex agreed. On February 10, 2015, Apex entered into a contract with Parkside Builders whereby the company agreed to pay all just compensation and costs associated with the eminent domain action. Just prior to this, in December 2014, Parkside Builders deeded the land to Transom Row Properties, a

1

company managed by Zadell. Transom Row then entered into a purchase agreement with Reliabuilt, a real estate developer, to deed the property to Riley's Pond Developers, LLC, a company created by Reliabuilt to develop the vacant parcels. Apex filed a condemnation action in Wake County Superior Court on April 30, 2015.

On May 19, 2015, Rubin's attorney wrote Apex's counsel alerting the town that Rubin intended to challenge the condemnation action. In July 2015, before the Superior Court had made any rulings, Apex installed a sewer line through Rubin's property. The pipe installed in July 2015 varied, with respect to its dimensions and scope, from the proposed easement at issue in the formal condemnation proceedings.

In October 2016, the Superior Court entered judgment in Rubin's favor, dismissing Apex's complaint and finding the town's claim to property via eminent domain "null and void" because it lacked a public purpose. The court's judgment did not discuss the installed sewer pipe or order it removed.

Apex failed to timely appeal and the North Carolina Court of Appeals dismissed the appeal in October 2018. Apex sought review in the North Carolina Supreme Court in November 2018. The North Carolina Supreme Court granted a stay of the Superior Court judgment pending resolution of the request for review. On March 27, 2019, the North Carolina Supreme Court denied review. The stay was dissolved and on April 10, 2019, Rubin moved to enforce the Superior Court judgment from October 2016, seeking removal of the sewer line.

On May 13, 2019, Apex filed a "Declaratory Judgment/Inverse Condemnation Complaint" in Wake County Superior Court. Through this action, Apex sought a declaration that it had, in fact, already taken Rubin's property by installing the sewer line and that her remedies

were limited to those available through an inverse condemnation action. The Superior Court ordered mediation.

When the mediation broke down in August 2019, Rubin filed this action against Apex, Zadell, Parkside Builders, Transom Row, Reliabuilt, and Riley's Pond. In addition to her Takings Clause claim, Rubin brings due process, equal protection, and conspiracy claims under 42 U.S.C. § 1983, a conspiracy claim under § 1985(3), a *Corum* claim under the North Carolina Constitution, and a claim for unjust enrichment.

In January 2020, the Superior Court issued four orders in the state proceedings. The court (1) denied Rubin's motion to enforce the 2016 judgment in the condemnation case, (2) granted Apex relief from that judgment, (3) denied Rubin's motion to dismiss Apex's declaratory judgment/inverse condemnation action, and (4) enjoined Rubin from taking any action that would remove or disable the sewer line. Among other things, the court's orders concluded that the October 2016 judgment did not order the removal of the sewer line and that because Apex had already taken Rubin's property, her available remedy was just compensation via inverse condemnation.

In the instant action, Apex moves for this Court to abstain from exercising jurisdiction given the nature and extent of the state court proceedings. The motion is fully briefed and ripe for disposition.

## DISCUSSION

Apex asks the Court to abstain from exercising jurisdiction and to dismiss the case pursuant to the Supreme Court's *Princess Lida* decision. "According to the *Princess Lida* doctrine, a federal court may not exercise jurisdiction when granting the relief sought would require the court to control a particular property or res over which another court already has

3

jurisdiction." *Al-Abood ex rel. Al-Abood v. El-Shamari*, 217 F.3d 225, 231 (4th Cir. 2000). Abstention is mandatory for *in rem* or *quasi in rem* cases, where the first court establishes control over the particular property. *See id., and Crawford v. Courtney*, 451 F.2d 489, 492 (4th Cir. 1971). But even where jurisdiction of the first court is not exclusive, the second court may decline to exercise jurisdiction where there is a high risk of federal-state conflict. *Crawford*, 451 F.2d at 492.

The Court concludes that the *Princess Lida* doctrine applies, that the state court has exclusive jurisdiction over the sewer line, and that Rubin's complaint must be dismissed.

There are two separate ongoing state court proceedings—the original condemnation action filed by Apex in 2015 and the inverse condemnation action filed by Apex in 2019. "Condemnation under the power of eminent domain is a proceeding *in rem*[.]" *Redevelopment Comm'n of Greensboro v. Hagins*, 258 N.C. 220, 225 (1962). In the inverse condemnation proceeding, the state court is in the process of making determinations about Apex's rights in the property and Rubin's right to compensation. As of February 2020, a trial in the case was scheduled for May. Moreover, the state court has enjoined plaintiff from taking any action against the sewer line until those proceedings are concluded.

To "grant[] the relief sought" by Rubin—removal of the sewer line—the Court would be required to exercise control over the sewer line, the same property over which the state court is asserting jurisdiction. *Al-Abood*, 217 F.3d at 231. Consequently, the Court holds that abstention is required.

In an attempt to escape *Princess Lida*, Rubin emphasizes the subtle distinctions between cases that are formally titled as *in rem* and those that merely involve property, assuring the Court that its actions in this case would bear only on the parties themselves. But *Crawford* cautioned

4

against fixating on such labels. 451 F.2d at 492. Whether the inverse condemnation proceeding is styled as *in rem* or *quasi in rem*, the practical effect of an order from this Court for defendants to remove the sewer line is the destruction of physical property currently the subject of a state court proceeding. The Court cannot exercise jurisdiction in such a way.

Moreover, Rubin's other causes of action are inextricably bound up with her Takings Clause claim. She requests removal of the sewer line as a remedy for these claims and the core issue underlying all of them is whether the taking—and therefore the actions the private defendants took to facilitate the taking—was proper. As explained above, because the state court has exclusive jurisdiction over the relevant property, the Court must abstain on these claims.

## CONCLUSION

For the reasons discussed above, the motion to dismiss for lack of jurisdiction [DE 29] is GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. The other outstanding motions [DE 27, 42] are DENIED AS MOOT. The Clerk is DIRECTED to close the case.

SO ORDERED, this __27__ day of March, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE